### In re McCARTNEY.

(District Court, D. Idaho, N. D. August 12, 1914.)

BANKRUPTCY (§ 140*)—PERSONAL PROPERTY—TRANSFER—DELIVERY.

The bankrupt, owning a homestead, orally agreed with petitioner, his brother, that he should have the logs on the homestead in consideration of clearing the land. Such agreement was made in good faith, and peti-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tioner at great expense cut the timber, cleared· part of the land, and purchased a sawmill to manufacture the logs into lumber, because it was impracticable to market the logs by reason of their inaccessibility to existing sawmills. From the moment the logs became personal property, petitioner exercised exclusive dominion over them, and had exclusive possession, except, only that they remained on the bankrupt's homestead. *Held*, that there was an immediate delivery, followed by an actual change of possession, so as to pass title to the logs to petitioner as against the bankrupt's trustee, under Rev. Codes Idaho, § 3170, declaring all transfers of chattels void, if made by persons having at the time the possession and control thereof, and not accompanied by immediate delivery, and followed by actual and continued change of possession.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

In Bankruptcy. In the matter of bankruptcy proceedings of John E. McCartney. On review of an order of a referee denying the petition of George H. McCartney for possession of 100,000 feet of logs. Reversed, with instructions to grant petition.

J. B. Hogan, of Cœur d'Alene, Idaho, for petitioner.

Robt. D. Leeper, of Cœur d'Alene, Idaho, for trustee.

Jas. H. Frazier, of Cœur d'Alene, Idaho, for H. H. Hubbard, creditor.

DIETRICH, District Judge. Inasmuch as all parties in interest stand upon the findings of fact made by the referee, it is deemed to be unnecessary to restate the facts in detail. The logs in question were cut from trees growing upon the homestead entry of the bankrupt, under an oral agreement by which the petitioner, George H. McCartney, a brother of the bankrupt, was to have the logs in consideration of his clearing the land. That such an agreement was made is not questioned. It is also conceded that it was made in good faith, and that at great expense the petitioner cut the timber, cleared part of the land, and purchased a sawmill for the purpose of manufacturing the logs into lumber. Obviously it would be highly inequitable now to deprive him of the fruits of his labor and expense.

The referee was of the opinion that there was not such an immediate delivery of the logs to the petitioner and such an actual and continuous change of possession thereof as to comply with the provisions of section 3170 of the Revised Codes of Idaho, declaring all transfers of personal property to be void if made by persons having at the time the possession and control thereof, and if not accompanied by immediate delivery and followed by actual and continued change of possession. It has, however, been generally held that such statutes must be given a practical construction, and only such acts are required upon the part of the vendor as under the circumstances are reasonable. Here, when the agreement was entered into, the timber was standing upon the ground. It was a part of the real property. In so far as was practicable, the petitioner took possession thereof. He and his employés set to work to fell the trees and to cut them into logs. By reason of the inaccessibility of existing sawmills, it was impracticable to market the logs; it was necessary to purchase a mill and place the

same upon the land. This was done. From the moment the logs became personal property the petitioner exercised exclusive dominion thereover, and had exclusive possession, excepting only that the logs remained upon the homestead of the bankrupt. But it was impracticable to remove them therefrom. It is not contended that any creditor was misled, and it is difficult to see how one using reasonable diligence could have been misled. The most casual inquiry would have elicited the facts, and the facts all the time were that the logs belonged to the petitioner.

Admittedly the question is largely one of the meaning and application of the state statute, and were there a decision of the Supreme Court of the state directly in point it would be deemed to be controlling, but no such decision has been called to my attention. In principle it is thought that Rapple v. Hughes, 10 Idaho, 338, 77 Pac. 722, favors the petitioner's contention, and I find no decision necessarily militating against it.

It is held that the referee erred in concluding that the petitioner's possession was insufficient, and the order will therefore be reversed, with instructions to enter an order granting the prayer of the petition.